8245

## TAYLOR v. STRAUSS.

AMENDING PLEADINGS.—The Circuit Judge under sections 143, 194, 195 and 198 of the Code of Procedure, is vested with discretionary power to permit a complaint amended after answer by alleging facts not known to plaintiff when the original complaint was filed and, by bringing in a new party defendant.

Before WILSON, J., Sumter, December term, 1911. Affirmed.

Action by Maud D. Taylor *et al.* against Isaac Strauss. Defendant appeals.

*Messrs. Lee & Moise* and *H. D. Moise,* for appellant, cite: 47 S. C. 97; 35 S. C. 421; 84 S. C. 511; 60 S. C. 147; 54 S. C. 490; 17 S. C. 126; 14 S. C. 436.

*Mr. A. B. Stuckey,* contra.

July 5, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   This was an action brought to recover real estate and for damages, the complaint and summons being served upon Strauss on April 15, 1911.   He answered the same on May 1, 1911.   On December 15, 1911, plaintiffs served upon defendant notice of a motion to amend their complaint, based upon an affidavit of Mr. Stuckey, plaintiff's attorney, to the effect that since the service of the original complaint it had come to his knowledge that Taylor Goodman was in possession of the land sued for under a written agreement, not recorded, and he was a necessary and proper party to the suit, and he desired to amend his complaint by making Goodman a party and also amend as to the amount of damages claimed.   Along with this notice, was served a copy of the affidavit of Stuckey and a copy of the proposed amended complaint.   The motion was heard by Hon. John S. Wilson, Judge of the Third Circuit, at which

hearing the plaintiffs and defendants appeared by counsel, and defendants resisted the motion upon the ground that the matter was not proper for amendment, but must be brought by supplemental pleadings. Over the objection, of the defendant, Judge Wilson granted an order allowing "that the plaintiff have leave to file an amended and supplemental complaint in the form requested in the notice and mentioned herein, and that Taylor Goodman be made a party to this action, and that a copy of the amended and supplemental summons and complaint herein be served upon the said Taylor Goodman, and also upon the defendant Isaac Strauss, or his attorney, within ten days hereafter, etc."

From this order defendant appeals, and asks reversal upon the same grounds taken before Judge Wilson at hearing. There is nothing in the exceptions. They are technical, strained, hair-splitting and absolutely without merit. It was a matter purely within the discretion of the Judge to allow or refuse the motion or to impose terms. He had authority under sections 143, 194, 195 and 198 of the Code of Laws to grant the order appealed from.

Appeal dismissed and judgment affirmed.

MR. JUSTICE WOODS *disqualified*.